IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHLEEN WRIGHT CROFT and SAMUEL E. CROFT JR., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )   No. 2:20-cv-1430<br>) |
| DONEGAL TOWNSHIP, RICHARD FIDLER, TAMMI IAMS, RICHARD MARTIN, and LANE TURTURICE, | )   **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT

Plaintiffs, Kathleen Wright Croft ("Mrs. Wright Croft") and Samuel E. Croft, Jr., by and through their undersigned counsel, file the within Complaint: (a) to validate Mrs. Wright Croft's right to exercise the powers of the elected office of Supervisor of Donegal Township; and (b) to redress Defendants' violation of their civil rights. In support of their Complaint, Plaintiffs allege as follows:

### I. Parties

1.  Plaintiffs, Kathleen Wright Croft and Samuel E. Croft Jr., each being an adult, are a married and residing at 900 Dry Ridge Road, West Alexander, PA 15376.

2.  Defendant, Donegal Township, Washington County, Pennsylvania ("Donegal" or "Township") is a Township of the Second Class, organized and operating under the laws of the Commonwealth of Pennsylvania, with a business address located at 34 N. Liberty Street, West Alexander, PA 15376.

1

3. Defendant, Richard Fidler ("Fidler") is an adult individual who resides at 8 Fidler Lane, West Alexander, PA 15376.

4. Defendant, Tammi Iams ("Iams") is an adult individual who resides at 38 Old National Pike, West Alexander, PA 15376.

5. Defendant, Richard Martin ("Martin") is an adult individual who resides at 757 Route 40 W, West Alexander, PA 15376.

6. Defendant, Lane Turturice, Esquire ("Turturice") is an adult individual who resides at 21 Gina Drive, Washington, PA 15301.

## II.    Jurisdiction and Venue

7. Jurisdiction exists pursuant to 28 U.S.C. § 1331 and 1343 based on 42 U.S.C. §1983 and questions of federal constitutional law. Jurisdiction also exists under the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202. Supplemental jurisdiction over Plaintiffs' state law claims is pursuant to 28 U.S.C. §1367.

8. Venue is proper in this judicial district because the events giving rise to the cause of action occurred in this district.

## III.    Facts

9. Mrs. Wright Croft is one of five Supervisors of Donegal, having taken office in January 2018 after being elected the preceding November. Her elected term is four years and expires at the end of December 2021.

10. Defendants Fidler, Iams, and Martin ("Defendant Supervisors") currently serve on the Board of Supervisors for Donegal ("Board") along with Mrs. Wright Croft and Edward Shingle, Jr.

11. Defendant Iams took office in January 2018.

12. Defendants Fidler and Martin replaced former Donegal Supervisors, Michael Smith ("Smith") and Douglas Teagarden ("Teagarden"), whose terms ended on December 31, 2019. As such, Defendants Fidler and Martin took office in January 2020.

13. Defendant Iams, along with Teagarden and Smith, formed the Board majority from January 2018 through the end of 2019. Thereafter, from January 2020 to present, the Board majority has been formed by Defendant Supervisors.

14. Defendant Turturice was appointed Township Solicitor on January 6, 2020.

15. Since their respective time of election or appointment, all Defendants have acted as the agents of Donegal, under color of state law, and in conspiracy with one another.

16. Pursuant to the Second Class Township Code, the corporate powers of Donegal are vested in the Township's Board of Supervisors. 53 P.S. § 66505.

17. All Defendants have acted unlawfully and intentionally in conspiracy with one another to exclude Mrs. Wright Croft from exercising her statutorily created powers as an elected Supervisor of the Township. They have also acted as individuals acting beyond their mandates to represent the Township.

18. In November and December 2018, Defendant Iams, along with former Supervisors Smith and Teagarden, excluded Mrs. Wright Croft from employment decisions regarding the Township Secretary.

      a. Specifically, Mrs. Wright Croft was intentionally excluded from deliberations, other communications, and decisions regarding the employment of then-Secretary, Sharon Balach.

      b. Mrs. Wright Croft was also intentionally excluded from deliberations, other communications, and decisions regarding the advertisement of the position and the hiring of the now-former Secretary/Treasurer Heather Wood.

19. In November 2018, Defendant Iams, along with former Supervisors Teagarden and Smith, excluded Mrs. Wright Croft from budgetary decisions, specifically those regarding reallocation of the excess police budget. In particular, during an executive session on November 26, 2018, it was brought to light that the Board majority decided to reallocate the excess police budget without notifying the rest of the Board and without a public meeting or the requisite public notice.

20. On January 21, 2019, the Board majority enacted Resolution 2-2019, wherein a "chain-of-command" policy was created which had the effect of prohibiting Donegal employees from discussing official Township business with Mrs. Wright Croft. This Resolution also had the effect of barring Mrs. Wright Croft from accessing Donegal computers and personnel files and sought to physically bar Mrs. Wright Croft from the Township building.

      a. Resolution 2-2019, and its ongoing enforcement, unlawfully transfers the general power of the Township from the Board to the majority.

      b. Under Resolution 2-2019 and its ongoing enforcement, no other Supervisor is fully alienated from Township business and property to the same extent as Mrs. Wright Croft.

21. On February 18, 2019, Defendant Iams, along with former Supervisors Smith and Teagarden publicly voted: (1) to authorize the former Solicitor to draft a proposed resolution declaring Mrs. Wright Croft in violation of Resolution 2-2019; and (2) to authorize the Solicitor

to file a complaint in mandamus against Mrs. Wright Croft to require her to comply with Resolution 2-2019.

22. The afore-mentioned complaint in mandamus was instead filed by Heather Wood, at the behest of the Board majority, in the Washington County Court of Common Pleas at docket number 2019-1186 on March 11, 2019. Heather Wood is the stepdaughter of Defendant Martin. Heather Wood's attorney, Thomas Lonich, Esquire, is also Defendant Iams' personal attorney.

23. On February 25, 2019 and while in the presence of Township staff, Mrs. Wright Croft was searched by Donegal police after unfounded allegations of identity-theft were leveled against her by Heather Wood, step-daughter of current Supervisor Martin. Prior to Mrs. Wood's termination in August 2019, she and Defendant Iams worked in unison to alienate Mrs. Wright Croft from Township business and to tarnish her reputation.

24. In a memorandum dated March 18, 2019, the Township's former Solicitor advised the Board on the above complaint that was filed against Mrs. Wright Croft as follows:

> The additional issue lies with Resolution 2-2019 itself. While the Township is able to pass resolutions relating to the general governance of the Township, it is not proper for the Township to restrict the Supervisors' access to information. Access to computers and personnel files may be necessary for the proper resolution of personnel or Township issues. Supervisors need access to this information in order to carry out the duties of their elected position.
>
> Ms. Woods cannot seek Mandamus of a Resolution that contains portions that are not appropriate for enforcement. At this juncture, it is the opinion of this office that the Township not pass Resolution 3-2019 seeking enforcement of Resolution 2-2019. It is also the opinion of this office that the Township repeal Resolution 2-2019.

25. This information was circulated to the Board members in writing. Additionally, on information and belief, Defendant Turturice received this information when he began his position as Township Solicitor.

26. Resolution 2-2019 has not been repealed and Defendant Supervisors and Defendant Turturice still act to enforce the same, despite Mrs. Wright Croft's requests to repeal same.

27. On December 18, 2019, Defendant Turturice, who had yet to be formally appointed Township Solicitor, represented Defendants Iams, Fidler, and Martin, the latter two of which had yet to take office, by filing an Emergency Petition for Preliminary Injunction against Donegal Township in the Washington County Court of Common Pleas at Docket No. 2019-7976. The petition sought to enjoin the 2019 Board from transacting business regarding labor contracts or personnel matters until the Defendants Fidler and Martin took office. This action sought to alienate Supervisor Wright Croft from on-going employment-related negotiations with the Donegal Police Department as well as from decisions related to the Township Secretary position.

28. At the January 6, 2020 organizational meeting of the Board, Defendants Fidler, Iams, and Martin used a different agenda from that which was given to Mrs. Wright Croft. In the agenda used by Defendant Supervisors, the offices were already typed into place and additional annotations were provided.

29. On or about January 10, 2020, Defendants Fidler and Iams worked with Defendant Turturice to create a legal correspondence folder, the existence and contents of which were kept secret from Mrs. Wright Croft until ten days later. Within this window, a lawsuit was filed by the Township and against the Police Bargaining Unit. Mrs. Wright Croft found out about the suit by reading the newspaper.

30. Also on January 20, 2020, Defendant Iams told Mrs. Wright Croft that she wasn't allowed in the Township building without receiving permission from the Board and informed her that she must leave. Mr. Fidler was also present. Ms. Iams instructed Mrs. Wright Croft to leave on other occasions and, if she didn't leave, Ms. Iams resorted to closing the Township building.

31. In April 2020, Mrs. Wright Croft became aware that, in the course of negotiating a new contract with the Donegal Police Department, Defendant Turturice had drafted a non-disclosure agreement that was entered into by Defendants Fidler and Iams without approval from and vote of the Board at a public meeting with requisite public notice. Further, Mrs. Wright Croft has been openly and intentionally excluded from all negotiations related to this contract, apparently in accordance with the chain-of-command policy.

32. On or about April 14, 2020, Defendant Turturice refused to allow Mrs. Wright Croft to review the aforementioned non-disclosure agreement without Mrs. Wright Croft submitting a request for the same under Pennsylvania Right-to-Know Law ("RTKL"). Mrs. Wright Croft complied with this demand. All of Mrs. Wright Croft's RTKL requests are subjected to review by the Township's Open Record's Officer, Defendant Iams, and the Township Solicitor, Defendant Turturice.

33. When Ms. Wright Croft demanded to see the non-disclosure agreement, Defendant Turturice stated:

> The township has 5 days to respond to your Right to Know Request. You will be treated as any other citizen, Mrs. Croft. I will talk with the Chairman and Vice Chairman (who is also the Right to Know Officer), as soon as I am able.

34. Mrs. Wright Croft's RTKL request was denied and, to date, Mrs. Wright Croft has yet to obtain access to the non-disclosure agreement. Defendant Turturice later stated he will only show her the agreement at his office. After the Office of Open Records got involved through the RTKL process, Defendant Turturice then offered that he could travel to the Township Building, at the Township's expense, to allow her to view the document, but she cannot take pictures or videos.

7

35. Mrs. Wright Croft was forced to undertake the filing of requests under the RTKL in order to obtain Township records, which procedure she was actually forced to undertake on several occasions since that time.

36. Further, on May 7, 2020, Defendant Turturice personally filed a writ of summons against Mrs. Wright Croft in the Washington County Court of Common Pleas at docket number 2020-2274 and she was served with the Writ. As of the date of this Complaint, Defendant Turturice has not filed a formal complaint.

37. On June 17, 2020, Defendant Supervisors called an executive session to take place at 4:00 p.m., Mrs. Wright Croft was only given thirty-minutes notice of the executive session.

38. More recently, at the July 28, 2020 regular meeting of the Board, Defendant Iams revealed that she directed Township employees not to share information with Mrs. Wright Croft.

39. On or about July 29, 2020, Defendant Turturice sent the Board an e-mail rebuking Mrs. Wright Croft for making public statements regarding the Township's negotiations with the Donegal Police Department. Defendant Turturice stated, "Mrs. Croft needs to retract her public statements about the status of the police negotiations, immediately." Defendant Turturice went on to vilify Mrs. Wright Croft by accusing her of "spreading 'fake news,'" "hurting" the Township, and plotting to have the Township's insurance coverage cancelled.

40. On or about August 19, 2020, Defendant Martin sent an e-mail to the representative of the Donegal Police Bargaining Association that berated the representative for sending a communication to the entire Board. Defendant Martin then informed the representative that the Bargaining Association was only allowed to communicate with him or with Defendant Turturice, apparently in accordance with the chain-of-command policy, and that communicating with other

Supervisors was "not acceptable." Defendant closed his e-mail by stating, "This communication policy as of today is mandatory and <u>not an option</u>...." [emphasis supplied].

41. Also in 2020, Mrs. Wright Croft was made the subject of a surcharge investigation by the Donegal Board of Auditors, which is acting in conjunction with the Defendant Supervisors.

42. On August 20, 2020, Mrs. Wright Croft appeared before the Auditors which summoned her to for an examination under oath. As part of this examination under oath, the Auditors asked Mrs. Wright Croft to sign a statement of non-disclosure regarding the contents of her examination. Mrs. Wright Croft brought her attorney, the undersigned Gretchen Moore, who told the auditors Mrs. Wright Croft would not sign with the non-disclosure language as a surcharge investigation involves matters of public concern. Supervisor Edward Shingle, Jr. was also in attendance. The Auditors refused to conduct the examination with Attorney Moore and Supervisor Shingle present and would not even disclose to Mrs. Wright Croft the grounds for the surcharge investigation.

43. Throughout 2018 and 2020, the Board majority intentionally left Mrs. Wright Croft out of numerous e-mails and other communications regarding official Township business.

44. Further, on August 28, 2020, the current Secretary/Treasurer of the Township, Judith L. Taylor, advised Mrs. Wright Croft that Defendants Martin and Iams prohibited Mrs. Wright Croft from accessing the Township's COSTARS account, which she previously had access to as a Supervisor.

45. All of the foregoing actions have been motivated by Defendants' desire to silence Mrs. Wright Croft who has been an outspoken vocal, minority critic of Defendants' policies and Township activities, specifically those relating to budgeting, expenditures, and employment, and deprive her of the information necessary to serve as an elected official.

46. The above and other unlawful actions are continuing.

## Count I
### Kathleen Wright Croft v. All Defendants in their Official Capacities and as Individuals
### Violation of Free Speech

47. The allegations set forth in the preceding paragraphs are incorporated by reference as if completely set forth herein.

48. This Count involves violations of federal law under the First Amendment to the United States Constitution and pursuant to 42 U.S.C. § 1983.

49. The actions set forth in Paragraphs 17-44 above are sufficient to deter a person of ordinary firmness from exercising her constitutional rights, which actions actually did hinder Mrs. Wright Croft's ability to do the same.

50. As a direct and proximate result of their actions set forth in Paragraphs 17-43 above, Defendants have unlawfully: (a) violated Mrs. Wright Croft's First Amendment rights by retaliating against her for exercising her rights to Free Speech, political activity and political dissent; and (b) violated Mrs. Wright Croft's First Amendment rights through their "chain of command" policy.

WHEREFORE, Plaintiff, Kathleen Wright Croft, respectfully prays pursuant to Count One that this Honorable Court:

(1) enjoin and restrain Defendants from (a) retaliating against Mrs. Wright Croft for exercising her First Amendment rights; (b) violating the Sunshine Act; (c) requiring Mrs. Wright Croft to utilize RTKL procedures to obtain Township information; (d) enforcing their "chain of command" policy against Mrs. Wright Croft;

- and -

(2) award Mrs. Wright Croft her costs in this proceeding, including the payment of reasonable attorney's fees;

- and –

(3) award Mrs. Wright Croft punitive damages;

-and-

(4) grant such other and further relief as is deemed appropriate.

## Count II
### Kathleen Wright Croft v. All Defendants in their Official Capacities and as Individuals
### Violation of Equal Protection

51. The allegations set forth in the preceding paragraphs are incorporated by reference as if completely set forth herein.

52. As a direct and proximate result of their actions set forth in Paragraphs 17-44 above, Defendants without legitimate reason, have treated Mrs. Wright Croft differently from the similarly situated other Township Supervisors and therefore have unlawfully discriminated against Mrs. Wright Croft in violation of the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiff, Kathleen Wright Croft, respectfully prays pursuant to Count Two that this Honorable Court:

(1) enjoin and restrain Defendants from: (a) violating the Sunshine Act; (b) requiring Mrs. Wright Croft to utilize RTKL procedures to obtain Township information; (c) enforcing their "chain of command" policy against Mrs. Wright Croft; and (d) otherwise discriminating against Mrs. Wright Croft;

- and -

(2) award Mrs. Wright Croft her costs in this proceeding, including the payment of reasonable attorney's fees;

- and -

(3)    grant such other and further relief as is deemed appropriate.

### Count III
### All Plaintiffs v. All Defendants in their Official Capacities and as Individuals
### Violation of Due Process

53.    The allegations set forth in the preceding paragraphs are incorporated by reference as if completely set forth herein.

54.    This Count involves a violation of Plaintiffs' right to due process as guaranteed by the Fourteenth Amendment to the United States Constitution.

55.    Plaintiffs have a property and liberty interest in their votes and pursuant thereto, voted in the November 2017 election for Mrs. Wright Croft to serve as a Supervisor of Donegal.

56.    As a direct and proximate result of their actions set forth in Paragraphs 17-44 above, Defendants have interfered with Mrs. Wright Croft performing the duties of her elected office, have effectively denied Plaintiffs of their vote and, therefore, have violated Plaintiffs' rights to Due Process as guaranteed by the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiffs, Kathleen Wright Croft and Samuel E. Croft Jr., respectfully pray pursuant to Count Three that this Honorable Court:

(a)    enjoin and restrain Defendants from: (a) violating the Sunshine Act; (b) requiring Mrs. Wright Croft to utilize RTKL procedures to obtain Township information; (c) retaliating against Mrs. Wright Croft for exercising her First Amendment rights; (d) enforcing their "chain of command" policy; and (e) otherwise discriminating against Mrs. Wright Croft and thereby violating her rights to Due Process and Equal Protection as guaranteed by the Fourteenth Amendment to the United States Constitution

- and -

(b)    award Plaintiffs their costs in this proceeding, including the payment of reasonable attorney's fees;

- and -

(c)    grant such other and further relief as is deemed appropriate.

## Count IV
**All Plaintiffs v. Defendants Donegal Township, Richard Fidler, Tammi Iams, and Richard Martin Violation of the Second Class Township Code and Sunshine Act**

57.    The allegations set forth in the preceding paragraphs are incorporated by reference as if completely set forth herein.

58.    Under the Second Class Township Code:

The board of supervisors shall meet for the transaction of business at least once each month at a time and place determined by the board of supervisors. A quorum is two members of a three-member board of supervisors or three members of a five-member board of supervisors. An affirmative vote of a majority of the entire board of supervisors at a public meeting is necessary in order to transact any business. A member of the board shall not be disqualified from voting on any issue before the board solely because the member has previously expressed an opinion on the issue in either an official or unofficial capacity.

53 P.S. § 65603.

59.    Under the Sunshine Act, the Township is an agency. 65 Pa.C.S.A. §703. Meetings of a quorum of the Board to deliberate public business, which is to be voted on at a later public meeting is required to comply with the Sunshine Act. By taking official action in violation of the Sunshine Act, Defendants have repeatedly violated the Act.

60.    As a direct and proximate result of their actions set forth in Paragraphs 17-44 above, Defendant Supervisors have and are continuing to violate state law and to interfere with Mrs. Wright Croft's performance of her duties as an elected Supervsor of the Township by:

    a. Making decisions outside of a public meeting with the requisite public notice as

       further described in Paragraph 28 herein;

    b. Deliberating and taking official action through the chain-of-command policy, through which fewer than all members of the Board, at times not even amounting to a quorum, are purportedly authorized to transact business;

    c. Not giving notice to Mrs. Wright Croft, a member of the Board, of their intention to discuss official Township business and transact business.

WHEREFORE, Plaintiffs, Kathleen Wright Croft and Samuel E. Croft Jr., respectfully pray pursuant to Count Four that this Honorable Court:

(a)     declare invalid the actions taken by Defendants Richard Fidler, Tammi Iams, and Richard Martin at the January 6, 2020 reorganization meeting of the Board;

-and-

(b)     enjoin and restrain Defendants from violating the Sunshine Act and the Second Class Township Code;

- and -

(b)     enjoin and restrain Defendants from enforcing their "chain of command" policy;

- and -

(c)     award Plaintiffs their costs in this proceeding, including the payment of reasonable attorney's fees;

- and -

(d)     grant such other and further relief as is deemed appropriate.

Respectfully submitted,

STRASSBURGER McKENNA
GUTNICK & GEFSKY


By:     /s/Gretchen E. Moore
        Gretchen E. Moore
        PA ID No. 202103
        gmoore@smgglaw.com

        E.J. Strassburger
        PA ID No. 10231
        estrassburger@smgglaw.com

        Alexis M. Wheeler
        PA ID No. 325649
        awheeler@smgglaw.com

        Four Gateway Center, Suite 2200
        444 Liberty Avenue
        Pittsburgh, PA 15222
        T - (412) 281-5423

        C*ounsel for Plaintiffs*
        Kathleen Wright Croft
        and Samuel E. Croft, Jr.

**JURY TRIAL DEMANDED**