IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHLEEN WRIGHT CROFT, SAMUEL E. CROFT JR., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 2:20-CV-01430-CCW |
| Plaintiffs, | | |
| vs. | | |
| DONEGAL TOWNSHIP, RICHARD FIDLER, TAMMI IAMS, RICHARD MARTIN, LANE TURTURICE, | | |
| Defendants. | | |

**MEMORANDUM ORDER FOR EXPEDITED DISCOVERY**

AND NOW, having reviewed Plaintiff's Motion to Expedite Discovery and Defendants' Response in Opposition thereto, and in consideration of Plaintiffs' Amended Complaint, Plaintiffs' Motion for Preliminary Injunction, and Defendants' Motion to Dismiss, Plaintiffs' Motion to Expedite Discovery is hereby GRANTED IN PART and DENIED IN PART. The parties may conduct limited discovery relevant to preparing for a hearing on Plaintiffs' Motion for Preliminary Injunction in accordance with the scope and schedule detailed more fully below.

**I.      Background**

Plaintiffs' claims arise from alleged conflicts between the elected members of the Donegal Township Board of Supervisors ("Board"). According to Plaintiffs' Amended Complaint, ECF No. 24, Plaintiff Kathleen Wright Croft ("Wright Croft"), who allegedly forms the "minority" faction with one other member of the five-member Board, has been subjected to retaliation from the "majority" defendant-Board members for exercising her rights under the

First Amendment to the U.S. Constitution. This alleged retaliation has purportedly taken the form of exclusion from Board deliberations; removal and exclusion from the Township building; denial of access to Township books and records; denial of access to Township employees; and having various civil and administrative actions filed against her. Plaintiffs allege that these actions have seriously impeded Wright Croft's ability to fulfill her duties as an elected member of the Board. Plaintiffs further allege that, under the Fourteenth Amendment, these actions constitute an equal protection violation under a "class of one" theory and a due process violation by effectively "nullifying" Wright Croft's and Plaintiff Samuel Croft's votes to elect Wright Croft to the board. Finally, Plaintiffs claim that the complained-of conduct violates Pennsylvania's Second Class Township Code and Sunshine Act.

On November 13, 2020, Plaintiffs filed the instant Motion to Expedite Discovery, ECF No. 29, in connection with their renewed Motion for Preliminary Injunction, ECF No. 25. Plaintiffs are seeking the following preliminary injunctive relief:

- That the Defendants be enjoined "from excluding Plaintiff, Kathleen Wright Croft, from full participation in the affairs of the Board of Supervisors of Donegal Township";

- Ordering that "the 'chain of command policy' be dissolved forthwith";

- Ordering that "deliberations of the Supervisors, whether in executive and/or in public session, include Plaintiff, Kathleen Wright Croft";

- Ordering "that Plaintiff, Kathleen Wright Croft, be granted free uninterrupted and unfettered access to all books and records of Donegal Township"; and

- Declaring "that Plaintiff, Kathleen Wright Croft, be entitled to enjoy the same rights, privileges and emoluments of her elected office as are the other four members of the Board of Supervisors of Donegal Township."

*See* ECF No. 25-2.  Plaintiffs argue that expedited discovery is needed "to fully and adequately prepare for the preliminary injunction hearing."  ECF No. 29 at ¶19.  They further assert that "[t]he need for expedited discovery is exigent due to the fragile nature of some of the evidence, such as electronically stored information."  *Id.* at ¶28.  Plaintiffs attached to their Motion interrogatories and document requests directed to Defendants Fidler, Martin and Iams and a separate, substantially similar, set of requests directed to Defendant Turturice.  ECF Nos. 29-1 and 29-2.[1]  Plaintiffs' proposed discovery requests seek information dating as far back as January 1, 2018, related to specific acts, incidents or topics that Plaintiffs assert would support their underlying claims.  Plaintiffs claim they need such information to demonstrate their likelihood of success on the merits, a burden they will have to carry to obtain a preliminary injunction.

       Defendants filed a Motion to Dismiss, contesting whether Plaintiffs' Amended Complaint sets forth any cognizable claims at all and asserting a qualified immunity defense as to Plaintiffs' First Amendment retaliation claims.  ECF No. 33.  Defendants further contest whether expedited discovery is appropriate.  *See* ECF No. 34.  Defendants oppose Plaintiffs' Motion to Expedite Discovery, in part, on the ground that their Motion to Dismiss may dispose of Plaintiffs' claims entirely, thereby obviating the need for discovery, expedited or otherwise.  *See id.* at 1.  Defendants further contend that Plaintiffs' requests "relat[e] broadly to the matters alleged in the Amended Complaint (which… is based upon past incidents and fails to demonstrate any alleged continuing course of conduct)."  *Id.* at 3.  Defendants argue, therefore, that the discovery proposed by Plaintiffs "would more appropriately be the subject of discovery following the Court's disposition of Defendants' pending motion" and that "Plaintiff has failed to establish any

---

[1] Plaintiffs' Motion to Expedite Discovery does not include a request for any depositions.

3

basis for a preliminary injunction or a hearing related to the same." *Id.* Accordingly, Defendants urge the Court to deny Plaintiffs' request for expedited discovery.

**II.     Discussion**

Under the Federal Rules of Civil Procedure, a district court is empowered to alter the scope, timing and sequence of discovery. Fed. R. Civ. P. 26(b)(1) and 26(d)(1). Indeed, the United States Court of Appeals for the Third Circuit has "long held that 'matters of docket control and conduct of discovery are committed to the sound discretion of the district court.'" *Reisinger v. City of Wilkes-Barre*, 520 Fed.Appx. 77, 80 (3d Cir. 2013).

Although the Third Circuit has not provided guidance regarding the appropriate standard a district court should apply when considering a motion for expedited discovery in the context of a motion for preliminary injunction, other courts in this district deciding similar motions have generally applied a "good cause" standard. *See, e.g., Exclusive Supplements, Inc. v. Abdelgawad*, 2013 WL 160275, at *1 (W.D. Pa. Jan. 15, 2013) ("This Court has the authority to grant this relief if good cause exists to do so.") (citing *Fonovisa, Inc. v. Does 1-9*, 2008 WL 919701, at *10 n. 22 (W.D. Pa. Apr. 3, 2008).

Accordingly, district courts in this circuit have typically "require[d] the party seeking discovery to show 'good' cause for its motion, such that the request is 'reasonable' in light of the circumstances." *Samuel, Son & Co., Inc. v. Beach*, 2013 WL 4855325, at *3 (W.D. Pa. Sept. 11, 2013). Pursuant to this standard, courts should consider "whether 'the plaintiff's need for expedited discovery, in consideration of the administration of justice, outweighs the possible prejudice or hardship to the defendant.'" *Samuel*, 2013 WL 4855325, at *3 (quoting *Fonovisa, Inc.,* 2008 WL 919701, at *10 n. 22 ("Situations where good cause is frequently found include when a party seeks a preliminary injunction, and when physical evidence may be consumed or

4

destroyed with the passage of time, thus causing one or more of the parties to be disadvantaged.").

The Court is mindful of the fact that Defendants' Motion to Dismiss, ECF No. 31, is pending and resolution of that motion *may* dispose of some or all of Plaintiffs' claims.  The Court also considers relevant here the point raised by Defendants that the allegations in Plaintiffs' Amended Complaint are generally related to past (rather than ongoing) conduct—and, as such, are not clearly amenable to the forward-looking relief sought in Plaintiffs' Motion for Preliminary Injunction.  However, taken as a whole, Plaintiffs' allegations describe a long-running effort to exclude Wright Croft from participation in the affairs of Donegal Township, and the possibility that such efforts may be ongoing (such as the allegation that the so-called "chain of command policy" is still in use), militates in favor of permitting targeted, expedited discovery to take place in advance of a hearing on Plaintiffs' Motion for Preliminary Injunction.  Thus, while the Court takes no position on whether Plaintiffs will succeed on either their Motion for Preliminary Injunction or their underlying claims, the Court finds that Plaintiffs have shown good cause for certain expedited discovery.

That said, the Court agrees with Defendants that Plaintiffs' proposed discovery is overly broad and may exceed the scope of what is needed to prepare for a hearing on the Motion for Preliminary Injunction.  To that end, and in accordance with the schedule and terms set forth below, the parties may conduct discovery related to preparing for a preliminary injunction hearing, limited to the time period January 2020 to present (when Defendants Martin, Fidler and Iams became the Board "majority" and Defendant Turturice became Township Solicitor), and relevant to demonstrating an ongoing course of conduct to exclude Wright Croft from participating in Township governmental affairs (including, for example, the so-called "chain of

command" policy, denial of access to books and records, or impeding Wright Croft's ability to communicate with Township employees). This scope of discovery is broad enough for the parties to sufficiently develop a record in advance of the preliminary injunction hearing, but not so broad as to prejudice or impose undue hardship on Defendants in the event that some of Plaintiffs' underlying claims do not survive the Motion to Dismiss.

### III.    Conclusion

For the foregoing reasons, Plaintiffs' Motion to Expedite Discovery is hereby GRANTED IN PART and DENIED IN PART. The parties may engage in limited discovery to prepare for the preliminary injunction hearing as set forth above.

In accordance with the foregoing, IT IS HEREBY ORDERED that expedited discovery shall proceed as follows:

1. Discovery shall proceed on the following schedule:
    a. All written discovery requests shall be served on or before **November 25, 2020**;
    b. All responses to written discovery requests shall be made on or before **December 16, 2020**;
    c. All depositions shall be completed on or before **January 6, 2021**.
2. Each party's written discovery shall be limited as follows:
    a. No more than five (5) interrogatories, including subparts;
    b. No more than five (5) requests for admission;
    c. No more than five (5) requests for the production of documents.
3. Each party may take no more than three (3) depositions, limited to the scope of discovery set forth in this Order.

IT IS FURTHER ORDERED that a Telephonic Post-Expedited Discovery Status Conference will be held before the undersigned on **January 11, 2021** at **9:00 a.m**., and that a hearing on Plaintiffs' Motion for Preliminary Injunction shall be held before the undersigned on **January 27, 2021** at **9:00 a.m**.

DATED this 19th day of November, 2020.

BY THE COURT:

<u>/s/ Christy Criswell Wiegand</u>
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record