IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KATHLEEN WRIGHT CROFT and                     Civil Action No:  2:20-cv-1430
SAMUEL E. CROFT, JR.,

              Plaintiffs,

    v.

DONEGAL TOWNSHIP, RICHARD
FIDLER, TAMMI IAMS, RICHARD                    **JURY TRIAL DEMANDED**
MARTIN and LANE TURTURICE,

              Defendants.


## ORDER

WHEREAS, in the above-captioned civil action (the "Litigation"), Plaintiffs have asserted claims and sought information in discovery implicating or potentially implicating communications between the Township Solicitor (Defendant Lane Turturice) and the Township Supervisors or other Township officials which involve the provision of legal advice in Defendant Turturice's role as legal counsel to the Township, documents containing the protected work product of the Township's legal counsel, and other documents relating to legal matters, personnel matters, and/or pending contract negotiations;

WHEREAS, the Township has not waived the attorney-client privilege it holds with respect to communications between Solicitor Turturice, any prior Solicitor, or other legal representative and the Township Supervisors or other Township officials or employees;

WHEREAS, Defendants, which include the Township itself, have concerns regarding attorney-client privileged communications, attorney work product, or other confidential matter improperly being made public; and

4816578.1

WHEREAS, Defendants acknowledge that Plaintiff Kathleen Wright Croft, in her capacity as a Township Supervisor, may have a right to view privileged and/or otherwise confidential communications and documents, but maintain that disclosure to the public of any such privileged or confidential communications and documents and/or their substance would violate the Township's attorney-client privilege or disclose protected work product;

IT IS HEREBY ORDERED THAT:

1.      Based upon the Township's good faith belief that information and/or documents sought by Plaintiff in the course of discovery includes or is likely to include privileged and confidential matter, the parties may designate any documents containing such matter as confidential ("Confidential Information").  Such Confidential Information and all copies thereof shall be treated as confidential by the parties, subject to the other provisions of this Order.  A document and the information it contains may be designated as Confidential Information if it is protected by the attorney-client privilege and/or is otherwise not publicly discoverable or available, including but not limited to documents and information containing or reflecting communications between the Township's legal counsel and Township officials or employees, or relating to legal proceedings to which the Township is a party, contract negotiations to which the Township is a party, and/or personnel matters involving Township employees.

2.      The Confidential Information shall be used solely in connection with the Litigation and for no other purpose.  Access to information or documents designated Confidential Information shall be restricted solely to the following persons:

      (a)      The parties to the Litigation;

      (b)      The attorneys for the parties in this action and their legal, paralegal, and clerical assistants;

(c)     The court, court personnel, and court reporters as required in the course of a deposition or court proceeding;

(d)     Any person called or to be called as a witness at a deposition or the trial in this action (but only in the course of the witness's testimony, such documents not to be retained by the witness);

(e)     Any experts or consultants retained by the parties or their legal counsel, together with such experts' or consultants' clerical assistants; and

(f)     The attorneys for any nonparties who may testify at trial or deposition in this action by either agreement, subpoena or an order of the Court, and their legal, paralegal, and clerical employees (but only in the course of the witness's testimony, such documents not to be retained by counsel for such nonparties).

3.      Before the Confidential Information is disclosed to any person under Paragraphs 2(d), (e) or (f) of this Order, each such person shall be given a copy of this Order and shall execute a copy of the form attached hereto as Exhibit "A" ("Confidentiality Agreement").  All such executed Confidentiality Agreements shall be retained by the party disclosing Confidential Information to such person.  Any party or non-party may be shown its own Confidential Information, including Confidential Information such party or non-party created or previously received, without execution of a Confidentiality Agreement.  Confidential Information may be disclosed to such persons only to the extent reasonably necessary to enable the person to assist in the prosecution or defense of the Litigation.

4.      To designate the material as Confidential Information, the parties shall, at or about the time of production, stamp the materials with the designation "Confidential" or some substantially similar designation.

5.      At the time of a deposition or within thirty (30) days after receipt of a deposition transcript, a party shall designate as Confidential Information the specific portions of the

3

transcript containing or referencing the Confidential Information.  The designation shall be made on the record or in writing, setting forth the designated page numbers and lines from the deposition transcript, and shall be served upon all counsel.  All transcripts will be treated as being designated Confidential Information for the thirty (30) day period following each deposition, or for such longer time frame as the parties may agree in writing and/or as the Court may rule.  Any portions of the transcript designated "Confidential" shall thereafter be treated as Confidential Information in accordance with this Order.

6.      If any party disagrees with the designation of any Confidential Information, such party shall provide to the designating party written notice of its disagreement with the designation.  The parties shall first try to dispose of such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court.  A document, thing or information designated as Confidential Information shall be treated as so designated unless and until the Court directs otherwise or the designation is voluntarily withdrawn by the producing party.

7.      All parties to this Order and those non-parties to whom the Confidential Information is disclosed hereby agree to the restrictions imposed by this Order and to submit his or her person to the jurisdiction of the Court for the limited purpose of securing compliance with the terms of this Order.

8.      Counsel for any party, person, or entity who obtains or gains access to the Confidential Information -- whether directly or indirectly, by viewing the materials or by learning of their contents by oral disclosure or any other means -- shall maintain, possess, and control such Confidential Information in a manner such that it is not accessible to individuals not bound by this Order.  Such counsel, party, person, or entity shall not, in any way, communicate

4

such Confidential Information to persons or entities not authorized to have access to such Confidential Information.

9.      Materials designated "Confidential," and all information they contain, may be discussed or referred to in pleadings, motions, affidavits, briefs or other papers filed with the Court, or attached as exhibits to them, provided that such "Confidential" materials and information, and any portion of any paper filed with the Court that discusses or refers to them or their content, are stamped "Confidential" and separately filed under seal with the Court in compliance with the Court's policies and procedures for the submission of documents under seal. See, https://www.pawd.uscourts.gov/sites/pawd/files/ECFPolProcAmended122016.pdf -- at ¶ 8.

10.     Nothing herein shall be construed to be an admission of relevance or to affect in any way the admissibility of any documents, testimony, or other evidence in this action.  This Order is without prejudice to the right of any party to bring before the Court at any time the question of whether any particular information is or is not discoverable or admissible in this case and such right is expressly reserved.

11.     This Order shall survive any settlement, award, judgment or other disposition or conclusion of this action, and this Court shall retain continuing jurisdiction in order to enforce the terms of this Order.  Not more than forty five (45) days after the final termination, whether by final judgment or settlement, including the expiration of any time for appeal:

> (a)     Litigation counsel for each party, and each party, person or entity who obtained Confidential Information subject to this Order, shall immediately destroy all such Confidential Information in its possession, custody or subject to its control, except that all such material constituting the work product of litigation counsel may, in the alternative, be maintained by such counsel in its possession subject to this Order; and

5

(b)     Subject to the terms of this Order, the parties and their counsel may retain copies of briefs and other papers filed with the Court which contain or constitute such Confidential Information.  Any such briefs and other papers shall continue to be treated pursuant to the terms of this Order.


**IT IS SO ORDERED.**


**By the Court:**


**_/s/ Christy Criswell Wiegand_**_____, J.


6