IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHLEEN WRIGHT CROFT, SAMUEL E. CROFT JR., <br><br> Plaintiffs, <br><br> v. <br><br> DONEGAL TOWNSHIP, RICHARD FIDLER, TAMMI IAMS, RICHARD MARTIN, LANE TURTURICE, <br><br> Defendants. | 2:20-CV-01430-CCW |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is a dispute between the parties, ECF No. 85, as to whether certain portions of the transcript of the January 27, 2021 hearing on Plaintiffs' Motion for Preliminary Injunction, ECF No. 25, should be redacted pursuant to the Protective Order in this case. *See* ECF No. 46 (protective order). Pursuant to the Court's Order, the parties each submitted "a list of the disputed proposed redactions with a brief but specific justification for the party's position on each proposed redaction." ECF No. 85. Having reviewed the parties' submissions, the disputed transcript sections, and related documents, the Court concludes that the disputed transcript sections fall within the Protective Order and may be redacted.

> The Protective Order provides in relevant part that
>
> A document and the information it contains may be designated as Confidential Information if it is protected by the attorney-client privilege and/or is otherwise not publicly discoverable or available, including but not limited to documents and information containing or reflecting communications between the Township's legal counsel and Township officials or employees, or relating to legal proceedings to

      which the Township is a party, contract negotiations to which the Township is a party, and/or personnel matters involving Township employees.

ECF No. 46 at 2.

      In sum, the disputed portions of the hearing transcript relate to communications between Defendant Lane Turturice ("Mr. Turturice"), solicitor for Defendant Donegal Township ("Township"), and the Township's board of auditors. The question, in light of the Protective Order, is whether those communications fall within a privilege held by the Township.

      Defendants maintains that the proposed redactions are appropriate because the testimony references communications between the Township solicitor and Township officials (i.e. the board of auditors) regarding requests by the board of auditors for legal advice. Plaintiffs, on the other hand, argue that redaction of these passages is inappropriate because 53 P.S. § 65906 provides a mechanism for a board of auditors to obtain their own counsel and, they argue, it therefore follows, that an attorney representing a township cannot also represent that township's board of auditors due to an inherent conflict of interest.

      According to the United States Court of Appeals for the Third Circuit, communications may be protected from disclosure under the attorney-client privilege where

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his or her subordinate, and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion of law or (ii) legal services or (iii) assistance in some legal proceeding, and (d) not for the purpose of committing a crime or tort;  and (4) the privilege has been (a) claimed and (b) not waived by the client.

*Rhone-Poulenc Rorer v. Home Indem. Co.,* 32 F.3d 851, 862 (3d Cir. 1994) (citing *In re Grand Jury Investigation*, 599 F.2d 1224, 1233 (3d Cir. 1979)).  Under this framework, Plaintiffs' arguments in opposition to the proposed redactions present the issue as whether the board of auditors and Mr. Turturice could have formed an attorney-client relationship such that the

2

attorney-client privilege would attach to their communications. Read in light of the Second-Class Township Code, however, it becomes clear that Plaintiffs have turned the relationship between a township solicitor and an official body of the township on its head; that is, the question is correctly framed as whether circumstances existed such that Mr. Turturice and the board of auditors were *not* in an attorney-client relationship.

Pennsylvania's Second Class Township Code provides, in relevant part that "[t]he township solicitor shall direct and control the legal matters of the township, and no official or official body of the township, except as otherwise provided under law, shall employ an additional attorney without the assent or ratification of the board of supervisors." 53 P.S. § 66102. Furthermore, as noted by Plaintiffs, 53 P.S. § 65906 creates a mechanism for a board of auditors to obtain separate counsel. According to § 65906,

> If a disagreement occurs with the board of auditors and any official it is required to audit, the board of auditors may petition the court of common pleas to appoint an attorney to represent or advise the board of auditors on the matter. The court shall not appoint an attorney unless reasonable effort to reach an agreement has been made and only after the board of auditors has given notice to the official or the board of supervisors of its intent to petition the court for the appointment.

Thus, unless additional counsel is approved by the board of supervisors, 53 P.S. § 66102, or the board of auditors petitions the court of common pleas to appoint counsel in the case of a disagreement with a subject of an audit, 53 P.S. § 65906, the township solicitor is the only attorney authorized to "direct and control the legal matters of the township." 53 P.S. § 66102. Put another way, although the solicitor "serves at the pleasure of the board of supervisors," 53 P.S. § 66101, unless some exception applies, the solicitor is not the attorney for the board of supervisors alone, but for the corporate entity that is the township.

Thus, it appears to the Court that, for the purposes of this dispute, Mr. Turturice was the attorney for the Township, including the board of auditors, until the board of supervisors on March 20, 2020, approved a motion to allow the board of auditors to retain their own counsel.

Turning to the transcript passages at issue here, the Court finds as follows: the disputed portions concern legal advice provided by Mr. Turturice to the board of auditors prior to the approval of the March 20, 2020 motion by the board of supervisors, and, therefore, fall within the scope of the Protective Order and may be redacted. Accordingly, the following portions of the January 27, 2021 transcript may be redacted: page 168, lines 8–18; page 171, lines 12–13; and page 175, lines 1–4.

DATED this 11th day of March, 2021.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record